IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **HEATHER RAMIREZ,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| vs. § | CIVIL ACTION NO. _____ | |
| § | | |
| **WYNDHAM HOTEL MANAGEMENT,** § | | |
| **INC. and WYNDHAM WORLDWIDE,** § | | |
| **INC.,** § | | |
| § | | |
| **Defendants.** § | | |

_____

**PLAINTIFF'S ORIGINAL COMPLAINT**
_____

Plaintiff Heather Ramirez ("Ramirez") brings this complaint under the Fair Labor Standards Act and the Family and Medical Leave Act, and further asserts a breach of contract cause of action, against Defendants Wyndham Hotel Management, Inc. ("WHM") and Wyndham Worldwide, Inc. ("WWI") (collectively, "Wyndham" or "Defendants"), and would show unto the Court as follows:

**I. NATURE OF SUIT**

1.   The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S. C. § 202(a).  To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers.  29 U.S.C. §§ 206(a) & 207(a).

2.   The overtime requirements of the FLSA serve the purposes of: 1) spreading out employment by placing financial pressure on the employer to hire additional workers rather than employ the same number of workers for longer hours; and 2) compensating employees who work overtime.

3. Defendants have violated the FLSA by failing to pay Ramirez at one and one-half (1 ½) times her regular hourly rate for all hours worked in excess of forty (40) hours per work week. Accordingly, Ramirez brings this action to recover unpaid overtime compensation under section 216(b) of the FLSA.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States. Specifically, this action arises under the FLSA, 29 U.S.C. § 201, *et seq.*

5. Ramirez's claims arise under section 16(b) of the FLSA. 29 U.S.C. § 216(b). In connection with the acts and course of conduct alleged in this complaint, Ramirez engaged in commerce or in the production of goods for commerce. Further, Defendants are employers that engaged in commerce or in the production of goods for commerce and are therefore covered by the FLSA.

6. Venue is proper in the Southern District of Texas – Galveston Division because a substantial part of the acts and conduct charged herein occurred in this district.

## III. THE PARTIES

7. Ramirez is a resident of Galveston County, Texas. Ramirez was an employee employed by Defendants within the meaning of the FLSA.

8. Defendant WHM is a foreign for-profit corporation authorized to do and doing business in the Southern District of Texas–Galveston Division. WHM is an "employer" under the FLSA and acted as such in relation to Ramirez. WHM may be served with process through its registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

9. Defendant WWI is a foreign for-profit coporation authorized to do and doing business in the Southern District of Texas–Galveston Division. WWI is an "employer" under the FLSA and acted as such in relation to Ramirez. WWI may be served with process through its registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### IV. FACTS UNDERLYING THE CLAIMS

10. Ramirez worked for Wyndham as a National Sales Manager between approximately February 2007 and April 2010. Between approximately February 2007 and October 10, 2009 (the "Relevant Time Period"), Wyndham compensated Ramirez by paying her an annual base salary of $20,000, plus incentive compensation based on guestroom revenues contracted by Ramirez. Ramirez's duties consisted of establishing new and existing client/business relationships, making site visits of various Wyndham properties in Galveston, reporting monthly sales figures, attending occasional trade shows and events, assisting with hotel events, attending sales and staff meetings, performing administrative office duties such as answer the telephone and making files, making group restaurant and golf reservations for hotel guests, assisting in preparation of hotel rooms for guests' arrival, and arranging transportation for groups to/from the airport. During the Relevant Time Period, Ramirez's primary duties were, at all times, those of a non-exempt employee under the FLSA. Ramirez's compensation structure further entitled her to overtime compensation when she worked in excess of forty (40) hours in a work week, insofar as Wyndham did not pay her enough money on a weekly basis to meet the salary basis test and therefore qualify her as an exempt employee under the FLSA. Despite the fact that she worked, on average, 50 hours each work week during the Relevant Time Period, Wyndham failed to pay Ramirez any overtime compensation.

11. Because Ramirez was a non-exempt employee, Defendants were required to pay her at one and one-half (1 ½) times her regular hourly rate for those hours she worked in excess of forty (40) in a single work week. 29 U.S.C. § 207(a). However, Defendants did not compensate Ramirez for all hours she worked in excess of forty (40) hours at one and one-half (1 ½) times her regular hourly rate. Instead, Defendants merely paid Ramirez a "salary" plus incentive compensation, rather than paying Ramirez the statutorily required overtime rate for each hour she worked in excess of forty (40) in a work week.

12. Because Ramirez was entitled to be paid for all hours she worked in excess of forty (40) in a work week at her overtime rate, Defendants' practice of failing to pay Ramirez overtime for those hours was a clear violation of the FLSA.

13. Defendants' illegal pattern and practice with respect to overtime compensation for Ramirez was in violation of the FLSA. No exemption excused Defendants from paying Ramirez at the proper overtime rate. Defendants knew that their policies and practices violated the FLSA. Further, Defendants did not make a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully, and/or with reckless disregard carried out this illegal pattern or practice regarding overtime compensation.

14. On October 11, 2009, **although her duties remained the same**, Wyndham changed the way in which it compensated Ramirez and the way it classified her under the FLSA. Specifically, as of October 11, 2009, Wyndham began treating Ramirez as a non-exempt hourly employee, requiring that she clock in and out each day. As of that date, Wyndham also began paying Ramirez an annual base "salary" of $60,000, and it authorized Ramirez to receive a bonus if she met or exceeded certain quarterly/annual sales goals. Wyndham further required that Ramirez work 47.5 hours each work week in order to receive her full base compensation for that work week, and if she

4

worked less than 47.5 hours, Wyndham docked her pay.

15. Additionally, on or about February 8, 2010, Ramirez requested intermittent leave under the Family and Medical Leave Act ("FMLA") related to the placement of a premature infant foster child in her home in late January 2010. The infant child was born two (2) months prematurely and weighed only four (4) pounds at birth. Ramirez sought leave under the FMLA in anticipation of doctors' visits for the premature infant and potential court appearances related to the placement of the child. Ramirez informed both Lynn Zinsky ("Zinsky"), Area Director of Human Resources, and her supervisor, Patty Rouse ("Rouse"), Director of Sales, that she had applied for leave under the FMLA. Wyndham denied Ramirez's request for FMLA leave.

16. Approximately one (1) week after Ramirez applied for leave under the FMLA, on or about February 15, 2010, Rouse held a meeting with Ramirez. During the meeting, Rouse inquired as to why Ramirez had sought leave under the FMLA and informed her that she could "just use vacation time or personal/sick days" if she needed to be absent for doctors' visits or court appearances. Ramirez expressed that her understanding of Wyndham policy was that she could not use sick days for anything other than her own personal illness, so Rouse called Zinsky, who confirmed that this was true. Rouse then inquired of Ramirez about how having an infant in her home was going to affect Ramirez's ability to visit the various Wyndham properties for client site visits and the like. Ramirez responded that she had arranged for child care for the infant, and that the infant would not be at Ramirez's home during the 47.5 hours per work week that Ramirez was then working. Rouse responded by shaking her head back and forth as though she were very uneasy.

17. Rouse then said, "Speaking of your home office, I need to talk with you about that." Rouse then informed Ramirez that she would need to begin working at the Hotel Galvez "100% of the time," and that she could no longer work out of her home office, as she had done since the beginning of her employment with Wyndham. When Ramirez asked why this change was being

5

made, Rouse stated that everyone was being held more "accountable" because a new General Manager had come on board in the Fall of 2009, and that "there [was] a new sheriff in town." Rouse further indicated that the change was effective immediately.

18. Despite Rouse's indications, *everyone* was not held more "accountable." Indeed, Claudia (last name believed to be "Siegler"), another National Sales Manager who worked out of her home office in The Woodlands, Texas, was allowed to continue to work from her home office. Upon information and belief, Claudia did not request leave under the FMLA.

19. On or about April 16, 2010, in light of Wyndham's treatment of Ramirez, and in light of the impact Wyndham's actions with respect to Ramirez were having on Ramirez's family, Ramirez resigned her employment with Wyndham.

20. In or about 2010, Wyndham promulgated its 2010 Property Sales Incentive Plan (the "Program"), which provided a "highly competitive Total Reward program for [Wyndham's] sales professionals and an opportunity to earn incentive compensation based on performance against stated objectives." Among other provisions, the Program provided:

> In the event a Program Participant voluntarily resigns from employment with Wyndham or is terminated for "Cause," the Program Participant is no longer eligible to earn incentives under this program. **Appropriate payments will be calculated based on their performance during the time in the eligible positions based on actual days worked.** (Emphasis added.)

Despite the fact that Ramirez fully performed pursuant to the terms of the Program, in breach of the terms of the Program, Wyndham failed and refused to pay Ramirez any incentive compensation for the time period of January 1, 2010 through April 16, 2010, Ramirez's last date of employment.

## V. CAUSES OF ACTION
### A. Fair Labor Standards Act

21. Ramirez incorporates herein all allegations contained in paragraphs 1 through 20.

6

22. Defendants had a statutory obligation to pay Ramirez one and one-half (1 ½) times her regular hourly rate for all hours she worked in excess of forty (40) during a work week.  Ramirez worked for Defendants in excess of forty (40) hours a work week during the Relevant Time Period.  However, Defendants failed to pay Ramirez overtime compensation at one and one-half (1 ½) times her regular hourly rate for all hours worked in excess of forty (40) hours.  Accordingly, Ramirez is entitled to overtime pay in an amount equal to one and one-half (1 ½) times her regular hourly rate for all hours she worked in excess of forty (40) hours in a work week.

23.  Additionally, Ramirez is entitled to an amount equal to all her unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action.  29 U.S.C. § 216(b).

### B. Family and Medical Leave Act of 1993

24.  Ramirez incorporates herein all allegations contained in paragraphs 1 through 23.

25.  Defendants denied Ramirez's request for intermittent FMLA leave, and then retaliated against Ramirez after she requested intermittent leave under the FMLA, 29 U.S.C. § 2601, *et seq.*  It is unlawful for an employer to interfere with, restrain, or deny the exercise of or attempt to exercise, any right provided under the FMLA.  In addition, it is unlawful for an employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

### C. Breach of Contract

26.  Ramirez incorporates herein all allegations contained in paragraphs 1 through 25.

27. Ramirez and Wyndham entered into a valid, enforceable contract, the Program. Ramirez and Wyndham were in privity.  Ramirez fully performed her contractual obligations under the Program.  Nevertheless, Wyndham breached the contract, and Wyndham's breach has caused Ramirez injury.

7

## VI. Jury Demand

28. Ramirez hereby demands a trial by jury.

## VII. Prayer

29. WHEREFORE, Ramirez respectfully requests that judgment be entered in her favor, awarding her the following under each of her causes of action:

### FLSA

a. Overtime wages for all unpaid hours worked in excess of forty (40) hours per work week at the rate of one and one-half (1 ½) times their respective hourly rates;

b. An equal amount as liquidated damages as allowed under the FLSA;

c. An injunction against further violations;

d. Reasonable attorneys' fees, costs, and expenses of this action, as provided by the FLSA;

e. Post-judgment interest; and

f. Such other and further relief as may be required by law.

### FMLA

a. Back pay, including the value of lost benefits;

b. Actual damages sustained by Ramirez;

c. An injunction against further violations;

d. An equal amount as liquidated damages under the FMLA;

e. Reasonable attorneys' fees, costs, and expenses of this action, as provided by the FMLA;

f. Post-judgment interest; and

g. Such other and further relief as may be required by law.

### Breach of Contract

a. Actual damages sustained by Ramirez;

    b.    Nominal damages;

    c.    Reasonable attorneys' fees, costs, and expenses of this action;

    d.    Pre-judgment and post-judgment interest; and

    e.    Such other and further relief as may be required by law.

Respectfully submitted,

By: */s/ Daryl J. Sinkule*
DARYL J. SINKULE
State Bar No. 24037502
Federal ID No. 34842
TODD SLOBIN
State Bar No. 24002953
Federal ID No. 22701
3D/International Tower
1900 West Loop South, Suite 1910
Houston, Texas 77027
Telephone: (713) 621-2277
Facsimile: (713) 621-0993
Telephone: (713) 621-2277

**OF COUNSEL:**
SHELLIST | LAZARZ | SLOBIN LLP

**ATTORNEYS FOR PLAINTIFF
HEATHER RAMIREZ**